UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY REINHARDT,

    Plaintiff,                              Civil Action No. 17-CV-10876

vs.                                             HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on plaintiff's motion for remand [docket entry 13] and defendant's motion for summary judgment [docket entry 14]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying her applications for Social Security disability insurance benefits and Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in December 2015 (Tr. 45-93) and issued a decision denying benefits in January 2016 (Tr. 24-39). This became defendant's final decision in February 2017 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of her December 2015 hearing, plaintiff was 46 years old (Tr. 53). She has a tenth grade education and relevant work experience as a quality controller for a clothing manufacturer (Tr. 58-61, 83, 223-24). Plaintiff claims she has been disabled since October 31, 2010, due to pain in her back and legs, anxiety, IBS, and depression (Tr. 63-65, 68, 78-79, 175, 222).

The ALJ found that plaintiff's severe impairments are "degenerative disc disease status post lumbar spine fusion; peripheral neuropathy; and depression" and that her ovarian cyst, hyperlipidemia, diverticulosis, left knee pain, IBS, and anxiety disorder are non-severe (Tr. 30). The ALJ found that plaintiff cannot perform her past light-level work but that she has the residual

2

functional capacity ("RFC") to perform a limited range of sedentary work.[1] A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could perform certain unskilled, sedentary jobs such as surveillance system monitor, checker/inspector, and packer (Tr. 531).[2] The ALJ cited this testimony to support his conclusions that work exists in significant numbers that plaintiff could perform and that she is not disabled (Tr. 38).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because his RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC

---

[1] Specifically, the ALJ found that plaintiff can

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that the claimant can lift up to 10 pounds occasionally. The claimant must be able to alternate between sitting an standing, in that the claimant can sit for up to 20 minutes and stand for up to 15 minutes while remaining at the position of her workstation. The claimant can operate foot controls with the left lower extremity only occasionally. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. The claimant would be limited to jobs that could be performed while using a hand-held assisted device required only for uneven terrain or prolonged ambulation, and the contralateral upper extremity can be used to lift/carry up to the exertional limits. The claimant must avoid all exposure to excessive vibration, all use of unguarded moving mechanical parts, and all exposure to unprotected heights. The claimant is limited to simple routine tasks with only occasional interaction with the public.

(Tr. 32-33.)

[2] This page of the hearing transcript (page 39) is missing from the administrative record defendant submitted with her answer to the complaint. However, this missing page is attached as an exhibit to defendant's motion for summary judgment. *See* docket entry 14-1, Pg ID 615.

evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

Plaintiff's RFC evaluation is flawed for the following reasons. First, the ALJ failed to consider the side effects of plaintiff's medications. The record indicates that plaintiff takes, or at various times has taken, a large number of medications, including Soma, Vicodin, Xanax, Norco, Tramadol, Flexeril, Claritin, Prilosec, Tenormin, Lidocaine, Ultram, Vistaril, Hydrochlorothiazide, Omeprazole, Atenolol, Lisinopril, Adipex, Cyclobenzaprine, Restoril, Hydrocodone-Acetaminophen, and Megace (Tr. 67, 225, 251, 277, 298, 303, 325, 446-49, 464, 482, 486), several of which have known side effects. On her function report plaintiff indicated that she has side effects of dizziness and drowsiness from Xanax (Tr. 238). Plaintiff's sister, in a third party function report, indicated that plaintiff has side effects of sleepiness and dizziness from Norco, Soma, and Xanax (Tr. 251).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these medications' side effects, if any; adjust his findings, as appropriate, regarding plaintiff's RFC; and

4

incorporate these findings in proper hypothetical questions to the VE.

Second, the RFC evaluation is flawed because the ALJ neglected to make required findings concerning the effect, if any, of plaintiff's obesity on her other impairments. The record contains several notations that plaintiff's body mass index ("BMI") is over 30 (*see, e.g.,* Tr. 447, 451, 456, 461, 466, 470, 476, 480, 484, 488), which is the point at which defendant's regulations consider a person to be obese. *See* SSR 02-1p. The ALJ must consider a disability claimant's obesity at all steps of the sequential process. *See id.,* Policy Interpretation ¶ 3. Further,

> [o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators *must consider* any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q (emphasis added).

In the present case, there is no indication that the ALJ gave any consideration to plaintiff's obesity, despite the fact that one of plaintiff's treating physicians, Dr. Oesterling, diagnosed plaintiff with obesity and prescribed medication (Adipex) specifically for this condition (Tr. 449, 453, 458, 463, 468, 472, 478, 482). On remand, the ALJ must make specific findings as to the effect, if any, of plaintiff's obesity on her other impairments. In particular, the ALJ must determine whether and to what extent plaintiff's obesity exacerbates the pain in her back and legs and affects her ability to sit, stand, walk, or concentrate. The ALJ must include any such findings in reevaluating plaintiff's RFC and, as appropriate, in framing revised hypothetical question(s) to

the VE.

Third, the RFC assessment in this matter is flawed because the ALJ did not sufficiently explain his finding that plaintiff can "stand for up to 15 minutes while remaining at the position of her workstation" (Tr. 32). Plaintiff testified that she "always" uses a cane because "[i]t keeps the weight off this side" (Tr. 71). The ALJ appears to have found that plaintiff needs to use a cane for "prolonged ambulation" (Tr. 33), but he made no finding as to whether plaintiff can stand without a cane for any period of time.[3] Even assuming that plaintiff can "stand for up to 15 minutes," the RFC assessment (and the hypothetical questions to the VE) must clarify whether or not she needs a cane while doing so. Clearly, plaintiff's ability to work would be diminished if she can use only one of her hands while standing, particularly given the ALJ's finding that plaintiff must have a sit/stand option because she can sit for only 20 minutes at a time (Tr. 32). On remand, the ALJ must make specific findings as to how long, if at all, plaintiff can stand unassisted, and he must incorporate these findings in his RFC assessment and in revised hypothetical question(s) to the VE.

Fourth, the RFC assessment in this matter is flawed because substantial evidence does not support the ALJ's finding that plaintiff's anxiety is a non-severe impairment (Tr. 30). As this

---

[3] While several entries in the record mention plaintiff's need to use a cane, it is not apparent whether this need applies to both standing and walking. *See, e.g.,* Tr. 250 (plaintiff's sister reporting that plaintiff needs a cane "when she takes a little walk and around the house also"); Tr. 325 (consulting psychologist reporting that plaintiff "is using a cane to help herself ambulate today"); Tr. 333 (treating counselor noting "[s]he currently uses a cane to assist her with walking"). Significantly, the ALJ appears to have misinterpreted the findings of the consulting physician, Dr. Lazzara. Referring to Dr. Lazzara's report (Ex. 3F, Tr. 316-23), the ALJ wrote: "The examiner noted that the claimant had neuropathy in her left leg and walked with a moderate limp on the left without the use of an assistive device" (Tr. 34). But in fact Dr. Lazarra reported that plaintiff can stand "**w/ assist**" (Tr. 316) and that "[s]he does compensate with a moderate left limp **and the use of her cane does appear beneficial for pain control as well as left sided leg fatigue**" (Tr. 323) (emphasis added).

Court has explained,

> [a]t Step Two of the sequential evaluation process, Plaintiff was required to show that she suffered from a severe impairment. A severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520©, 416.920©. Basic work activities, defined as the physical or mental abilities and aptitudes necessary to perform most jobs, includes the ability to walk; stand; sit; lift; push; pull; reach; carry; handle; see; hear; speak; understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The Sixth Circuit court has determined that the step-two requirement serves as a "de minimus" threshold hurdle in the disability process. *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir.1988). The inquiry at step two functions as an "administrative convenience to screen out claims that are totally groundless" from a medical perspective. *Id*. at 863 (citation omitted). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985) (citation omitted). "Under this standard, the question . . . is whether there is substantial evidence in the record supporting the ALJ's finding that [the plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Id*.

*Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *3 (E.D. Mich. Feb. 17, 2016), report and recommendation adopted, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016).

In the present case, the ALJ clearly erred in dismissing plaintiff's anxiety on the grounds that "there is no evidence from an acceptable medical source that substantiates the existence of" this impairment (Tr. 30). Plaintiff has been repeatedly diagnosed with this mental impairment and she has been prescribed medication specifically for it (Tr. 298, 305, 448, 453, 458, 463, 467, 471, 478, 482, 486, 490). During the relevant time frame, plaintiff also received psychotherapy for

7

anxiety, and other symptoms, at Bay-Arenac Behavioral Health (Tr. 333, 336, 346, 354). In the face of this evidence, the ALJ plainly erred in characterizing plaintiff's anxiety as non-severe or not medically determined. On remand, the ALJ must make findings as to the nature and extent of this impairment and, as appropriate, adjust his RFC assessment of plaintiff and his hypothetical question(s) to the VE.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for remand is granted and this matter is remanded for further proceedings to address the errors identified in this opinion. This is a sentence four remand under § 405(g).

S/ Bernard A. Friedman_____
Dated: September 20, 2017　　　　BERNARD A. FRIEDMAN
　　　Detroit, Michigan　　　　　　SENIOR UNITED STATES DISTRICT JUDGE